In the matter of the appeal of Abbie V. McGaw.

[Submitted June 13th, 1917.   Determined July 5th, 1917.]

The orphans court, decreeing distribution under *3 Comp. Stat. p. 3877 § 173,* cannot decree distribution to an assignee of a legatee.

On appeal from a decree of Atlantic county orphans court.

*Mr. John G. Horner,* proctor of the appellant.

*Messrs. Thompson & Smathers,* proctors for the respondent.

Leaming, Vice-Ordinary.

This is an appeal from a decree of distribution made by the orphans court of Atlantic county. The decree was made under authority conferred by *3 Comp. Stat. p. 3877 § 173.* Orphans Court act, *P. L. 1898 p. 781.*

This statute, originally passed in 1872 (*P. L. 1872 p. 47*), by its terms confers upon the orphans court the power to make decrees of distribution in cases of testacy.

The decree in question directs the money in the hands of the executor to be paid to the residuary legatee named in the

will. That disposition of the money is admittedly in accordance with the provisions of the will. But appellant herein was at that time the equitable owner of the money by reason of a written assignment thereof theretofore made to him by the residuary legatee. Appellant accordingly sought in the orphans court a decree of distribution which should give recognition to the assignment and direct the money paid to him. The judge of the orphans court adopted the view that the statute only authorized a decree in conformity to the provisions of the will and refused to recognize the assignment for that reason.

The only question raised on this appeal is, therefore, whether the orphans court, after the allowance of the final accounts of an executor, may, upon application of a party in interest for a decree of distribution, adjudge that funds payable to a certain legatee by the terms of the will shall be paid to a person to whom the legatee has theretofore assigned his rights in the legacy.

Prior to the act of 1872, above cited, the orphans court was empowered to make decrees of distribution in cases of intestacy only. That power was conferred by act of March 2d, 1795 (*Pat. L. p. 153*), and has continued to this time with but slight changes in the language of the original act. *Comp. Stat. p. 3874* § *168*. In *Sayre's Administrator* v. *Sayre, 16 N. J. Eq. 505,* it was determined that under that section the decree must be made in favor of the next of kin irrespective of the existence of any assignments that might have been theretofore made by such distributee. At page 509 of the reported opinion in the case it is said: "It is no part of the office of the decree to settle whether the share has been paid in whole or in part; or whether the legal or equitable interest in the fund may have been assigned. The law settles with great precision to whom the shares of the estate shall be allotted in making the distribution." That view does not appear to have been since questioned, and has been given apparent sanction by our court of errors and appeals in *Adams* v. *Adams, 46 N. J. Eq. 298.*

The statutory authority of the orphans court over decrees of distribution in cases of testacy cannot be easily regarded as

essentially different from that enjoyed in cases of intestacy so far as the office of the decree is concerned. By its terms the statute directs the court to

"adjust, order and make just distribution in accordance with the directions and provisions of the last will and testament in each case, of what shall remain after all debts and expenses shall have been allowed and deducted."

This statute thus confers upon the court a power and duty not otherwise enjoyed and is specific in its directions. A difference in the necessity of a decree of distribution in cases of intestacy and those of testacy may be suggested in that the former is necessary before a suit can be maintained for a distributive share, whereas a legatee may sue for a legacy without such decree; but that circumstance in no way serves to enlarge or define the powers conferred by the section here under consideration. Treated as a strictly statutory power of the court it seems clear that in the exercise of that power the court must confine the operation of the decree so made to the directions of the will in accordance with which the decree is directed to be made. To adjudicate the rights of persons claiming under legatees in a proceeding under the section here in question would in its effect convert the proceeding into a suit for legacies in apparent disregard of the procedure defined for suits of that nature in that court. See *3 Comp. Stat. p. 3883 § 192.*

Doubts suggested as to the constitutionality of the section are here passed over. Those doubts are suggested in *Adams* v. *Adams, 46 N. J. Eq. 298* (at *p. 302*); *Lippincott's Case, 68 N. J. Eq. 578; Polley's Case, 70 N. J. Eq. 659* (at *p. 663*).

I will advise an order affirming the decree of the orphans court.