Elma R. Hedden, testamentarily, gave one-third of the remainder of her estate to Ida F. Hedden in trust to divide it among Ida's children who survive the testatrix and attain the age of twenty-five years; children of a deceased child to take the parents' share. Ida's three children survived the testatrix, one of whom was James L. Hedden, more than twenty-five years of age when the testatrix died, April 27th, 1924, and who died intestate the following July 12th, 1925.
The orphans court ordered the share paid to the administratrix of James L. Hedden, deceased. The substituted administrator of the testatrix appeals, claiming that the court should have ordered him to pay it to Ida F. Hedden, the trustee, as directed by the will.
The share vested in James L. Hedden at the death of the testatrix and the inequitable right of enjoyment was in him. The directions of the will to pay it to the trustee was for the convenience of the estate, to hold the share to await the contingency of the legatee arriving at the age of twenty-five years, and as that event happened before the trust came into *Page 158 
existence it became simply a dry trust, and the trustee a mere conduit, who upon a literal compliance with the directions of the will would be in duty bound, upon demand, to forthwith pay over the share.
The orphans court, however, was without jurisdiction to make the order to pay the share directly to the representative of thecestui que trust legatee. Its power to order distribution is limited to a distribution of the estate according to the provisions of the will (Comp. Stat., p. 3877) and as the will directed the share to be paid to the trustee and the legal right of recovery was in her, its duty was to order the fund paid to the trustee. In re McGaw, 88 N.J. Eq. 288. The orphans court had no authority to adjudge the equitable rights of the cestuique trust. It is the exclusive function of equity to compel a trustee to execute his trust. Lewin 677.
The order of the orphans court, presuming to enforce the equitable rights of the cestui que trust, is reversed. The order reversing the decree of distribution will be withheld to give the representative of the cestui que trust opportunity to apply to chancery for relief. *Page 159